Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7803 | **DATE** | 5/6/2004 |
| **CASE TITLE** | Directv vs. Michael Horn | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] After further review and for the reasons stated on the attached memorandum opinion, the Court hereby grants defendant's motion to dismiss Counts III and V. Enter Memorandum Opinion.

(11) ■ For further detail see order attached to the original minute order.

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 0 7 2004 | |
| | Notified counsel by telephone. | date docketed | 11 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DIRECTV, INC., )
)
        Plaintiff, )
)
v. ) No. 03 C 7803
)
MICHAEL HORN, )
)
        Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Michael Horn's ("Horn") motion to dismiss Counts III and V. For the reasons stated below, we grant the motion to dismiss Count III and grant the motion to dismiss Count V.

## BACKGROUND

Plaintiff DIRECTV, Inc. ("DIRECTV") has brought this suit against Horn alleging that he purchased and used pirating devices designed to intercept DIRECTV's satellite transmissions. DIRECTV's complaint contains five counts. Horn is seeking to dismiss Count III which is a claim alleging a violation of 18 U.S.C. § 2512. Horn is also seeking to dismiss Count V which is a conversion

claim.

## DISCUSSION

### I. Count III (18 U.S.C. § 2512)

DIRECTV states a claim in Count III of its complaint alleging a violation of 18 U.S.C. § 2512 of the Electronic Communications Privacy Act which states as follows:

> **(1)** Except as otherwise specifically provided in this chapter, any person who intentionally--
>
> **(a)** sends through the mail, or sends or carries in interstate or foreign commerce, any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications;
>
> **(b)** manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce; or
>
> **(c)** places in any newspaper, magazine, handbill, or other publication or disseminates by electronic means any advertisement of--
>
> **(i)** any electronic, mechanical, or other device knowing the content of the advertisement and knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications; or
>
> **(ii)** any other electronic, mechanical, or other device, where such advertisement promotes the use of such device for the purpose of the surreptitious interception of wire, oral, or electronic communications, knowing the content of the advertisement and knowing or having reason to know that such advertisement will be sent through the mail or transported in

interstate or foreign commerce,

shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 2512. While 18 U.S.C. § 2512 is criminal in nature, 18 U.S.C. § 2520 provides the following thus allowing for a civil claim:

> **(a) In general.**--Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520. Horn argues that 18 U.S.C. § 2520 does not provide for a private civil cause of action under 18 U.S.C. § 2512.

We agree with the reasoning in regards to this precise issue set out in *DIRECTV, Inc. v. Hinton*, 2004 WL 856555 (N.D. Ill. 2004)(J. Darrah), *DIRECTV, Inc. v. Frey*, 2004 WL 813539 (N.D. Ill. 2004)(J. Zagel), and *DIRECTV, Inc. v Castillo*, 2004 WL 783066 (N.D. Ill. 2004)(J. St. Eve). DIRECTV argues that § 2520 creates a civil cause of action for all violations of the chapter, focusing on the word "chapter" in § 2520. However, it is clear from the plain language of § 2520 that the scope of the civil action is more limited than a violation of the entire chapter. It specifically states that § 2520 is limited to a communication that is "intercepted, disclosed, or intentionally used in violation of this chapter" 18 U.S.C. § 2520. Congress expressly created a private cause of action in § 2520 and it is not appropriate, absent more of a compelling explanation to infer a broader cause of action than is stated. *Hinton*, 2004 WL 856555 at *3. It is also clear from 18

3

U.S.C. § 2511 that Congress did not intend the interpretation of 18 U.S.C.A. § 2520 proposed by DIRECTV. DIRECTV has in fact filed a claim based upon 18 U.S.C. § 2511 against Horn for intercepting DIRECTV signals. Under 18 U.S.C. § 2511, which is entitled "§ 2511. Interception and disclosure of wire, oral, or electronic communications prohibited" an individual violates the act if he "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication . . . [or] intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication . . . ." 18 U.S.C. § 2511. This would go hand in hand with § 2520's authorization of a civil action for communications that are "intercepted, disclosed, or intentionally used in violation of this chapter." 18 U.S.C.A. § 2520. We also note that DIRECTV is already seeking to recover from Horn under 18 U.S.C. § 2511 in Count II of its complaint. Therefore, we grant the motion to dismiss Count III.

## II. Count V (Conversion)

Horn also moves to dismiss the claim for conversion (Count V). Horn argues that the conversion claim is based upon his alleged use of satellite signals and that since such signals are not a tangible object the conversion claim cannot stand. Horn cites to *Liberty Mut. Ins. Co. v. Construction Mgmt Servs., Inc*, which states that "[g]enerally, a conversion action lies only for 'personal property which is tangible,

4

or at least represented by or connected with something tangible.'" 2001 WL 1159203, at *5 (N.D. Ill. 2001)(quoting *In re Thebus*, 483 N.E.2d 1258, 1260 (Ill. 1985)).

To state a conversion claim in Illinois a plaintiff must allege that "(1) it has a right to the property at issue; (2) it has an absolute and unconditional right to the immediate possession of that property; (3) it made a demand on the defendant for possession of the property; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Castillo*, 2004 WL 783066 at *2 (citing *Cirrincione v. Johnson*, 703 N.E.2d 67, 70 (Ill.1998)). The Supreme Court of Illinois has defined conversion as "any unauthorized act, which deprives a man of his property permanently or for an indefinite time" and has stated that the "essence of conversion is the wrongful deprivation of one who has a right to the immediate possession of the object unlawfully held."*In re Thebus*, 483 N.E.2d at 1260. The Supreme Court of Illinois also has stated that traditionally conversion is defined as "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Id.*

We need not decide whether the intangible nature of satellite signals makes conversion an improper claim in this action because DIRECTV has not shown that it was in any way denied the use of or control over the signals. The satellite signals are broadcast into the open air and there are no allegations that Horn exercised such

dominion and control over the signals as to deprive DIRECTV, the rightful owner of the signals, the use of them. *Hinton*, 2004 WL 856555 at *4 (dismissing conversion claim); *Frey*, 2004 WL 813539 at *4 (dismissing conversion claim); *Castillo*, 2004 WL 783066 at *2 (dismissing conversion claim). DIRECTV has not alleged that any of the signals sent to its paying customers were disrupted as a result of Horn's interception or that DIRECTV was somehow unable to enjoy the benefit of those signals sent out. Therefore, we grant the motion to dismiss the conversion claim (Count V) against Horn.

## CONCLUSION

Based on the foregoing analysis, we grant the motion to dismiss Count III and grant the motion to dismiss Count V.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 6, 2004